UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RODERICK STANDELL PATTERSON, ) <br> ) <br> *Plaintiff*, ) <br> ) <br> v. ) <br> ) <br> BASRA, *Correctional Officer*, ) <br> SIGLER, *Seargent*, ) <br> CLARKSON, *Correctional Officer*, ) <br> VORHEES, *Correctional Officer*, ) <br> GIVANS, *Correctional Officer*, ) <br> YA-YA, *Seargent*, ) <br> SPIVEY, *Correctional Officer*, ) <br> HARMAN, *Correctional Officer*, ) <br> BOGUE, *Correctional Officer*, ) <br> AKAMBI, *Correctional Officer*, ) <br> AWOLUSI, *Correctional Officer*, ) <br> RICHEY, *Seargent*, ) <br> HURT, *Lieutenant*, ) <br> BISHOP, *Property Officer*, ) <br> ADEGOKE, *Correctional Officer*, ) <br> SAURI, *Correctional Officer*, ) <br> MALONEY, *Correctional Officer*, ) <br> JOHN DOE #1, *Correctional Officer*, ) <br> JOHN DOE #2, *Correctional Officer*, ) <br> JANE DOE #1, *Correctional Officer*, ) <br> ) <br> *Defendants*. ) | No. 1:25-cv-00950-JMS-KMB |

**ORDER**[1]

Plaintiff Roderick Standell Patterson was a prisoner incarcerated at the Pendleton Correctional Facility ("PCF").[2] He filed this lawsuit under 42 U.S.C. § 1983 alleging that Defendants, all correctional officers of some level at PCF, violated his First and Eighth

---

[1] The **CLERK IS DIRECTED** to update the "Seargent" title to "Sargent" on the docket for the following Defendants: Sigler, Ya-Ya, and Richey.

[2] Mr. Patterson is currently incarcerated at the Miami Correctional Facility.

1

Amendment rights. [Filing No. 2.] Because Mr. Patterson is incarcerated, the Court must screen his complaint before service on the Defendants. 28 U.S.C. § 1915A(a), (c).

## I.
### SCREENING STANDARD

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." B*ell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II.
### THE COMPLAINT

Mr. Patterson's factual allegations are accepted as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023). He bases his claims on the following allegations.

On March 26, 2025, Mr. Patterson was moved into a shower unit to await a mental health suicide screening. [Filing No. 2 at 4.] He was eventually cleared by a doctor and then "allegedly attempted to spit on Defendant Basra after she told [Mr. Patterson] that he 'was not a man' [and] 'shame on you.'" [Filing No. 2 at 4.] Thereafter, Mr. Patterson was taken back to his cell where

he refused to give his arms to the officers to remove his cuffs. [Filing No. 2 at 4.] Defendants Officers Sigler, Clarkson, and Vorhees grabbed Mr. Patterson's arms, forcing them out of the cuff port in order to remove his cuffs, which led to cuts on one of Mr. Patterson's wrists and hands, bruising of one of his forearm, and welts. [Filing No. 2 at 4.]

Multiple hours later, Defendants Officers John Doe #1, John Doe #2, and Jane Doe #1 placed Mr. Patterson on suicide watch, despite him having been cleared earlier in the day. [Filing No. 2 at 4-6.] Mr. Patterson alleges that they improperly placed him on suicide watch out of retaliation for a prior lawsuit that he filed and for allegedly attempting to spit on Defendant Basra. [Filing No. 2 at 4-5.] They escorted Mr. Patterson to a suicide watch cell and took all of his clothes, including his shower shoes, and did not provide him with cleaning supplies even though the cell was filthy. [Filing No. 2 at 4.]

Mr. Patterson remained in the cell for 9.5 days despite being told he was "not 'officially' on suicide watch." [Filing No. 2 at 5.] Each day, he asked Defendants Basra, Sigler, Clarkson, Vorhees, Givans, Ya-Ya, Spivey, Harman, Bogue, Akambi, Awolusi, Richey, Hurt, Bishop, Adegoke, Sauri, and Maloney for his hygiene products and his "clothes, shower shoes, blankets, [and] sheets." [Filing No. 2 at 5.] Each Defendant ignored him or made false promises. [Filing No. 2 at 5.] Two inmates in cells next to Mr. Patterson received their property, but he did not. [Filing No. 2 at 5.]

March 26, March 28, and March 31, 2025 were "shower days," but on those days Mr. Patterson did not receive a shower. [Filing No. 2 at 5.] On March 31, 2025, Defendant Sauri oversaw the showers. [Filing No. 2 at 5.] Mr. Patterson informed Defendant Sauri that he had not received a shower since March 25, 2025, but Defendant Sauri "still did not shower [him]." [Filing No. 2 at 5.] On April 2, 2025, the water at PCF was turned off. [Filing No. 2 at 5.] On April 3,

3

2025, Mr. Patterson finally received a shower. [Filing No. 2 at 5.] The length of time that Mr. Patterson went without a shower was 9 days. [Filing No. 2 at 5.]

Mr. Patterson specifically asserts the following claims in his Complaint:

- An Eighth Amendment excessive force claim against Defendants Sigler, Vorhees, and Clarkson in connection with the removal of his handcuffs;

- A First Amendment retaliation claim against Defendants John Doe #1, John Doe #2, and Jane Doe #1 for placing him on suicide watch after he was already cleared, which he alleges was in retaliation for a lawsuit he previously filed and for attempting to spit on Defendant Basra;

- An Eighth Amendment conditions-of-confinement claim against Defendants Basra, Givans, Vorhees, Spivey, Harman, Bogue, Akambi, Awolusi, Adegoke, Sauri, Maloney, John Doe #1, John Doe #2, and Jane Doe #1, Sigler, Ya-Ya, Richey, Bishop, and Hurt for ignoring his requests for his clothes, a blanket and sheets, and his hygiene products; and

- An Eighth Amendment conditions-of-confinement claim against Defendant Sauri in connection with denying him showers.

[Filing No. 2 at 6.] The claims are asserted against the Defendants in their individual capacities, and Mr. Patterson seeks monetary damages and costs. [Filing No. 2 at 4; Filing No. 2 at 7.]

### III.
### DISCUSSION

Although a plaintiff need not plead legal theories in a complaint, *see* Fed. R. Civ. P. 8(a), Mr. Patterson has identified the theories he wishes to use—the First and Eighth Amendment. Where a *pro se* litigant has expressly stated the legal theories that he wishes to pursue, the district court is not required to analyze whether the allegations in the complaint might state a claim under different legal theories. *See Larry v. Goldsmith*, 799 F. App'x 413, 416 (7th Cir. 2016) (citing *Clancy v. Off. of Foreign Assets Control of U.S. Dep't of Treasury*, 559 F.3d 595, 606-07 (7th Cir. 2009)). The Court analyzes Mr. Patterson's claims only under the theories he has identified.

Applying the screening standard to the factual allegations in the Complaint, certain claims are dismissed while other claims shall proceed as submitted. The Court addresses the claims in the order that Mr. Patterson set them forth in his Complaint. [Filing No. 2 at 6.]

### A. Excessive Force Claim Against Defendants Sigler, Vorhees, and Clarkson

"The Eighth Amendment prohibits unnecessary and wanton infliction of pain, thus forbidding punishment that is 'so totally without penological justification that it results in the gratuitous infliction of suffering.'" *Leiser v. Kloth*, 933 F.3d 696, 703 (7th Cir. 2019) (quoting *Calhoun v. DeTella*, 319 F.3d 936, 939 (7th Cir. 2003)). Under this standard, Mr. Patterson has stated a claim against Defendants Sigler, Vorhees, and Clarkson for excessive force in connection with the removal of his handcuffs, which **SHALL PROCEED**.

### B. First Amendment Claim against Defendants John Doe #1, John Doe #2, and Jane Doe #1

Mr. Patterson's First Amendment claim against Defendants John Doe #1, John Doe #2, and Jane Doe #1 is **DISMISSED**. When a "party is ignorant of defendants' true identity, it is unnecessary to name them until their identity can be learned through discovery or through the aid of the trial court." *Maclin v. Paulson,* 627 F.2d 83, 87-88 (7th Cir. 1980); *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997). The **CLERK IS DIRECTED** to **TERMINATE** John Doe #1, John Doe #2, and Jane Doe #1 as Defendants on the docket.

In the usual course of action, if a plaintiff is able to learn the name of the unknown defendants through discovery, the plaintiff may seek leave to file an amended complaint to add a claim against them. However, the Court notes that such an option is not appropriate here because the claim would be improper in this case in any event. "Unrelated claims against different defendants belong in different suits." *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017) (quoting *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)); s*ee also Antoine v. Ramos*, 497 F.

App'x 631, 635 (7th Cir. 2012) (stating "district court should have rejected [plaintiff's] attempt to sue 20 defendants in a single lawsuit raising claims unique to some but not all of them") (citing *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012)).  The Seventh Circuit has instructed that "[w]hen screening prisoners' complaints under the PLRA, courts can and should sever an action into separate lawsuits or dismiss defendants who are improperly joined under Federal Rule of Civil Procedure 20(a)(2)." *Mitchell v. Kallas*, 895 F.3d 492, 502 (7th Cir. 2018) (citing *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011)).  Under Rule 20(a)(2), Defendants are improperly joined when claims against them do not "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2)(A); *Mitchell*, 895 F.3d at 502-03.  This usually occurs when there are "claims about unrelated conduct against unrelated defendants." *Id.* at 503.

Here, Mr. Patterson alleges that John Doe #1, John Doe #2, and Jane Doe #1 placed him on suicide watch out of retaliation for filing a prior lawsuit and for allegedly spitting on Defendant Basra.  This allegation does not arise out of the same transaction, occurrence, or series of transactions or occurrences as the excessive force claim against Defendants Sigler, Vorhees, and Clarkson in connection with the removal of Mr. Patterson's handcuffs that is proceeding in this case, and its inclusion in this lawsuit would run afoul of Rule 20(a)(2) and Seventh Circuit precedent.  Fed. R. Civ. P. 20(a)(2)(A); *Mitchell*, 895 F.3d at 502-03; *Owens*, 860 F.3d at 436.  If Mr. Patterson learns of the identifies of John Doe #1, John Doe #2, and Jane Doe #1 and wishes to proceed with this claim, he must file a new lawsuit to do so.

      **C.**      **Eighth Amendment Conditions-of-Confinement Claims**

Mr. Patterson asserts two Eighth Amendment conditions-of-confinement claims.  The first claim is against a group of Defendants for ignoring his requests for his clothes, a blanket and

sheets, and his hygiene products. [Filing No. 2 at 5-6.] The second claim is against Defendant Sauri for denying him showers. [Filing No. 2 at 5-6.] The Court addresses each claim.

> 1. *Claim Against Defendants Basra, Givans, Vorhees, Spivey, Harman, Bogue, Akambi, Awolusi, Adegoke, Sauri, Maloney, John Doe #1, John Doe #2, and Jane Doe #1, Sigler, Ya-Ya, Richey, Bishop, and Hurt*

The Court addresses this claim against the known and unknown Defendants separately.

> a. **Defendants Basra, Givans, Vorhees, Spivey, Harman, Bogue, Akambi, Awolusi, Adegoke, Sauri, Maloney, Sigler, Ya-Ya, Richey, Bishop, and Hurt**

Two elements are required to establish an Eighth Amendment conditions-of-confinement claim: "first, an objective showing that the conditions are sufficiently serious—*i.e.*, that they deny the inmate the minimal civilized measure of life's necessities, creating an excessive risk to the inmate's health and safety—and second, a subjective showing of a defendant's culpable state of mind." *Isby v. Brown*, 856 F.3d 508, 521 (7th Cir. 2017) (internal citations and quotation omitted).

Mr. Patterson states a conditions-of-confinement claim against Defendants Basra, Givans, Vorhees, Spivey, Harman, Bogue, Akambi, Awolusi, Adegoke, Sauri, Maloney, Sigler, Ya-Ya, Richey, Bishop, and Hurt, *see id.*, but again, this claim cannot procced in this lawsuit. As explained above, "[u]nrelated claims against different defendants belong in different suits." *Owens*, 860 F.3d at 436 (quoting *George*, 507 F.3d at 607). District courts have a responsibility "[w]hen screening prisoners' complaints under the PLRA, [to] sever an action into separate lawsuits" if the claims are unrelated. *Mitchell*, 895 F.3d at 502 (citing *Owens*, 635 F.3d at 952). Under Federal Rule of Civil Procedure 21, the Court has "discretion to sever any claim and proceed with it separately if doing so will increase judicial economy and avoid prejudice to the litigants," *Wand v. TextBehind*, 2025 WL 303796, at *2 (7th Cir. Jan. 27, 2025) (citation omitted), "so long as the two claims are 'discrete and separate,'" *Gaffney v. Riverboat Servs. of Ind. Inc.*, 451 F.3d 424, 442 (7th Cir. 2006)

(quoting *Rice v. Sunrise Express, Inc.*, 209 F.3d 1008, 1016 (7th Cir. 2000)). "In other words, one claim must be capable of resolution despite the outcome of the other claim." *Id.* (citing *Rice*, 209 F.3d at 1016).

Here, Mr. Patterson's conditions-of-confinement claim is based on the Defendants ignoring his requests for his clothes, a blanket and sheets, and his hygiene products while in a fifthly cell, which is unrelated, distinct, and separate from his excessive force claim based on the removal of his handcuffs earlier in the day, which the Court has already determined to be proceeding in this action. Stated differently, the resolution of this conditions-of-confinement claim will have no impact on the excessive force claim. Accordingly, under Rule 21, severing this claim is appropriate.

However, severing this claim into a separate lawsuit means that Mr. Patterson will be responsible for paying the filing fee for the new lawsuit. "[B]ecause paying a second filing fee may impose a substantial financial burden on a prisoner, . . . the court should not sever claims without a plaintiff's consent or acquiescence." *Dorsey v. Varga*, 55 F.4th 1094, 1107 (7th Cir. 2022). Therefore, the Court **TAKES UNDER ADVISEMENT** Mr. Patterson's conditions-of-confinement claim against Defendants Basra, Givans, Vorhees, Spivey, Harman, Bogue, Akambi, Awolusi, Adegoke, Sauri, Maloney, Sigler, Ya-Ya, Richey, Bishop, and Hurt for potential severing, and **ORDERS** Mr. Patterson to file a Report with the Court **by August 22, 2025** indicating whether he wishes for the Court to proceed with severing this claim into a new case for which he will be responsible for paying the filing fee or whether he wishes to dismiss this claim without prejudice from this case and not have a new case opened. Failure to file the ordered Report with the Court will result in dismissal of this claim without prejudice, and the Court will not open a new case including these allegations.

      **b.**      **Defendants John Doe #1, John Doe #2, and Jane Doe #1**

Mr. Patterson's conditions-of-confinement claim against Defendants John Doe #1, John Doe #2, and Jane Doe #1 is **DISMISSED**. *Maclin,* 627 F.2d at 87-88; *Wudtke,* 128 F.3d at 1060. If Mr. Patterson chooses to proceed with severing his conditions-of-confinement claim against the known Defendants as discussed above, Defendants John Doe #1, John Doe #2, and Jane Doe #1 will not be added as Defendants in the new lawsuit, but if through discovery, Mr. Patterson is able to learn the name of the unknown Defendants, he may seek leave to add a claim against them in that lawsuit.

      2.      *Claim Against Defendant Sauri*

As explained above, two elements are required to establish an Eighth Amendment conditions-of-confinement claim: "first, an objective showing that the conditions are sufficiently serious—*i.e.*, that they deny the inmate the minimal civilized measure of life's necessities, creating an excessive risk to the inmate's health and safety—and second, a subjective showing of a defendant's culpable state of mind." *Isby,* 856 F.3d at 521 (internal citations and quotation omitted).

Mr. Patterson states a viable Eighth Amendment conditions-of-confinement claim against Defendant Sauri in connection with denying him showers. While the Seventh Circuit has held that "restricting inmates to weekly showers does not violate the Eighth Amendment," *Conner v. Hoem,* 768 F. App'x 560, 563-64 (7th Cir. 2019), Mr. Patterson went at least 9 days without a shower. At this stage, Mr. Patterson's allegations as to the prolonged absence of a shower despite requests to receive one are sufficient to state a plausible claim to relief. But similar to his conditions-of-confinement claim based on his requests for clothing and hygiene products being ignored, the Court finds that this claim is inappropriate here and may only proceed if severed into a separate

lawsuit. Fed. R. Civ. P. 21; *Wand*, 2025 WL 303796, at *2; *Gaffney*, 451 F.3d at 442; *Rice*, 209 F.3d at 1016. Therefore, the Court **TAKES** this claim **UNDER ADVISEMENT** for potential severing, and **ORDERS** Mr. Patterson to file a Report with the Court **by August 22, 2025** indicating whether he wishes for the Court to proceed with severing this claim or whether he wishes to dismiss this claim without prejudice from this case and for the Court to not open a new case including this claim. If Mr. Patterson chooses to sever both this claim and the conditions-of-confinement claim discussed above, both claims will proceed in the same, new lawsuit. In other words, severing both claims will not result in two new cases—only one—because at this stage, the claims appear sufficiently related. Failure to file the ordered Report with the Court will result in dismissal of this claim without prejudice and a new case containing this claim will not be opened.

This summary of claims includes all of the viable claims identified by the Court. All other claims have been dismissed. If Mr. Patterson believes that additional claims were alleged in the Complaint, but not identified by the Court, he shall have **through August 22, 2025,** in which to file a motion to reconsider the screening order.

## IV.
### CONCLUSION AND SERVICE OF PROCESS

For the foregoing reasons, the Court finds as follows:

- Mr. Patterson's Eighth Amendment excessive force claim against Defendants Sigler, Vorhees, and Clarkson in connection with the removal of his handcuffs on March 26, 2025 **SHALL PROCEED**. This claim is the sole claim that will be proceeding in this lawsuit.

- Mr. Patterson's claims against Defendants John Doe #1, John Doe #2, and Jane Doe #1 are **DISMISSED**, and the **CLERK IS DIRECTED TO TERMINATE** John Doe #1, John Doe #2, and Jane Doe #1 as Defendants on the docket.

- Mr. Patterson's Eighth Amendment conditions-of-confinement claim against Defendants Basra, Givans, Vorhees, Spivey, Harman, Bogue, Akambi, Awolusi, Adegoke, Sauri, Maloney, Sigler, Ya-Ya, Richey,

Bishop, and Hurt related to ignoring his requests for clothes, sheets and blankets, and hygiene products, and his Eighth Amendment conditions-of-confinement claim against Defendant Sauri in connection with denying him showers, are **TAKEN UNDER ADVISEMENT**. Although the claims are viable, they are not appropriate in this lawsuit since they are distinct and unrelated to the excessive force claim that is proceeding.

- o  Accordingly, Mr. Patterson is **ORDERED** to file a Report with the Court **by August 22, 2025** indicating whether he wishes for the Court to proceed with severing these claims into a new case (the claims may proceed together in one case) for which he will be responsible for the filing fee or whether he wishes to dismiss these claims without prejudice from this case and for a new case to not be opened. Failure to file the ordered Report with the Court will result in dismissal of these claims without prejudice and a new case containing those claims will not be opened.

- If Mr. Patterson believes that additional claims were alleged in the Complaint, but not identified by the Court, he shall have **through August 22, 2025,** in which to file a motion to reconsider the screening order.

The **CLERK is DIRECTED** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to Officers Sigler, Vorhees, and Clarkson in the manner specified by Rule 4(d). Process shall consist of: (1) Mr. Patterson's Complaint [Filing No. 2]; (2) applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons); and (3) this Order. The **CLERK SHALL SERVE** the Indiana Department of Correction employees electronically.

The Indiana Department of Correction is **ORDERED** to provide the full name and last known home address of any Defendant if he or she does not waive service if such information is available. This information shall be filed *ex parte*.

Nothing in this Order prohibits the filing of a proper motion pursuant to Federal Rule of Civil Procedure 12.

Date: 8/6/2025

*signature*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution:**

RODERICK STANDELL PATTERSON
265483
MIAMI - CF
MIAMI CORRECTIONAL FACILITY
Electronic Service Participant – Court Only


Electronic service to Indiana Department of Correction:

    Officer Sigler
    Officer Vorhees
    Officer Clarkson

    (All at Pendleton Correctional Facility)